HARTMAN v. ACKOURY.

(District Court, E. D. Louisiana.   January 17, 1914.)

No. 14,681.

BANKRUPTCY (§ 293*)—COURTS—ANCILLARY JURISDICTION.

    A bankruptcy court in Louisiana had ancillary jurisdiction of a bill to subject property in Louisiana to bankruptcy proceedings against the alleged owner in Mississippi under a bill alleging that the property had been omitted from the bankrupt's schedules, and that after adjudication the bankrupt had conveyed the property to defendant, and this, though it was of less value than $3,000.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. § 293.*]

    Action by M. M. Hartman, as trustee in bankruptcy of George Salloum, against Tony Ackoury, to recover certain property as belonging to the bankrupt's estate.   On demurrer to appeal.   Overruled.

    J. Hirsh and R. L. Dent, both of Vicksburg, Miss., Nelson S. Wooddy, of Los Angeles, Cal., and Foster, Milling, Brian & Saal, of New Orleans, La., for plaintiff.

    Johnson & Fernandez, of New Orleans, La., for defendant.

    FOSTER, District Judge.   In this case the plaintiff, the trustee of George Salloum, who was adjudicated a bankrupt in the Southern district of Mississippi, sets up that the bankrupt prior to adjudication was the owner of certain real estate in the parish of Washington, La., but failed to list it on his schedules, and he had no knowledge until recently of its existence; that after adjudication in bankruptcy the bankrupt made a deed of the said property to the defendant Ackoury. It is admitted that the property is worth less than $3,000 and defendant demurs to the jurisdiction of the court.

    Conceding, for the sake of argument, that the suit will not lie under sections 67e and 70e, Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 564, 565 [U. S. Comp. St. 1901, pp. 3449, 3451]), the allegations of the petition are to be taken for true, and therefore full title vests in the trustee by the adjudication, and the property was constructively in the custody of the court.   This court undoubtedly has ancillary jurisdiction to aid any other United States court to reduce to possession property of a bankrupt estate situate within its territorial limits.

    The demurrer will be overruled.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes